IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

HAROLD HARRIS,

Plaintiff,

v.

T'ZIAH THOMAS, BULLARD LOGISTICS, LLC, AMAZON LOGISTICS, INC., AMERICAN AUTOMOBILE INSURANCE COMPANY, AND AMERICAN AUTOMOBILE INSURANCE COMPANY,

Defendants.

CIVIL ACTION
FILE NO.: 1:25-cv-00095-VMC

**Defendants' Preliminary Report and Discovery Plan**

Pursuant to Local Rule 16.2, Defendants are submitting their portion of the Preliminary Report and Discovery Plan. Despite efforts of the parties to submit a joint filing, because Plaintiff is representing himself in this case and is proceeding Pro Se, in the interest of efficiency, Defendants have advised Plaintiff that he is responsible to the submission of Plaintiff's Preliminary Report and Discovery Plan.

**1. Description of Case**

(a) Describe briefly the nature of this action.

**This is a personal injury action which arises out of an alleged motor vehicle accident involving two vehicles which was removed to this Court on January 8, 2025. Plaintiff's Fourth Amended Complaint contains more than twenty counts alleging a wide range of civil and criminal conduct. Plaintiff is seeking damages for alleged personal injuries as well as punitive damages, expenses of litigation and treble damages. Defendants have moved to dismiss several counts of the Fourth Amended Complaint, which motion is pending with the Court. Plaintiff has filed a Motion to Remand this case to state court which is also pending with the Court.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**On October 8, 2022, T'ziah Thomas, who was employed by Bullard Logistics LLC, was driving an Amazon van south on Jett Ferry Rd to deliver Amazon packages. As he approached the intersection of Jett Ferry Rd and Jett Ferry Manor he stopped to make a left-hand turn. As Mr. Thomas started his left-hand turn, Plaintiff entered the north bound lane on Jett Ferry Rd and attempted to pass Mr. Thomas on the left causing a collision. Defendants dispute liability,**

**causation, and damages and expressly deny that they are liable to Plaintiff under any theory.**

(c) The legal issues to be tried are as follows:

**Liability, causation, proximate cause, and damages.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:
**None.**

(2) Previously Adjudicated Related Cases:
**None.**

This case is complex because it possesses one or more of the features listed below (please check):

_______ (1) Unusually large number of parties
__X__ (2) Unusually large number of claims or defenses
_______ (3) Factual issues are exceptionally complex
_______ (4) Greater than normal volume of evidence
__X___(5) Extended discovery period is needed
_______ (6) Problems locating or preserving evidence
_______ (7) Pending parallel investigations or action by government
__X___ (8) Multiple use of experts
_______ (9) Need for discovery outside United States boundaries
_______ (10) Existence of highly technical issues and proof
_______ (11) Unusually complex discovery of electronically stored information

**2. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**<u>Plaintiff</u>:**

**Harold Harris, Pro Se**

**Defendant:**

**Amazon, Logistics, Inc.:**

**R. Dal Burton, Esq. and Marvis L. Jenkins, Esq.**
**Wilson Elser Moskowitz Edelman & Dicker LLP**
**3348 Peachtree Rd. NE., Suite 1400**
**Atlanta Ga, 30326**
**Tele: 470-419-6650; Fax: 470-419-6651**
**Dal.burton@wilsonelser.com**
**Marvis.jenkins@wilsonelser.com**

**Bullard Logistics, LLC and T"ziah Thomas**

**Thomas O. Sippel**
**McAngus Goudelock & Courie LLC**
**270 Peachtree St NW #1800**
**Atlanta Ga, 30303**
**Tele: 678-500-7300; Fax: 678-669-3546**
**Tom.sippel@mgclaw.com**

**3. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

__X__ Yes ______ No

If "yes," **please attach a statement**, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**See Appendix A, attached hereto.**

**4. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**Marrotney Green and Majid Amin were named as Defendants in the Third Amended Complaint but have not yet been served.**

(b) The following persons are improperly joined as parties:

**None.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**5. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**6. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

*(a) Motions to Compel:*within 60 days before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

*(b) Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

*(c) Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

*(d) Motions Objecting to Expert Testimony:* Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

---

**Amazon Logistics, Inc. - Filed and served its Initial Disclosure on April 1, 2025.**

Bullard Logistics LLC will file and serve its Initial Disclosures.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Defendant:**

**Pro se Plaintiff Harris has amended his complaint to add additional claims which significantly expand the issues to be litigated in this case. For the same reason, settlement discussions have not been fruitful. Defendants request the**

**Court hold a conference to set deadlines, specifically related to the issues that have impeded progress. Those deadlines include:**

- **to complete discovery;**
- **to limit additional claims or amendments to the pleadings;**
- **to address Plaintiff's allegations of spoliation of evidence;**
- **to complete motions practice; and**
- **to complete mediation.**

**10. Discovery Period:**

The discovery period commences thirty days after the requested scheduling conference is completed. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Defendants need to conduct discovery on the allegations raised in Plaintiff's Fourth Amended Complaint, the circumstances underlying the subject accident, causation, and damages. In addition, Defendants understand the Plaintiff is still undergoing treatment for his alleged injuries and the parties will need to collect medical records concerning that treatment. Defendants also anticipate the use of multiple experts who will address liability, causation, and damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted

in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Defendants do not anticipate needing additional time for discovery. However, should it become apparent that additional time is needed, an appropriate motion with a proposed order may be filed setting forth good cause for the requested extension.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

---

**Defendants do not anticipate any needed changes to existing limitations of electronically stored information.**

(a) Is any party seeking discovery of electronically stored information?
_X_ Yes ________ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Although Plaintiff has a short video of the accident, he contends that the video has been tampered with and misrepresents how the accident occurred.**

**Defendants have produced all video evidence in their possession, custody, and/or control. While this is not traditional electronic discovery, Defendants anticipate discovery disputes will arise over the handling of this video and related issues and that these disputes will require Court intervention. Defendants deny any misconduct and have not agreed to the scope of Plaintiff's requested discovery.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties have not discussed these issues and have requested a scheduling conference to address these, and the other issues identified herein.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Defendants requests the Court enter the following Orders:**

**1) Order requiring Plaintiff to complete proper service on Marrotney Green and Majid Amin by a date certain;**

**2) Order precluding Plaintiff from naming any new Defendants after a date certain;**

**3) Order setting hearing to address Plaintiff's allegations of Spoliation of Evidence;**

**4) Order requiring Plaintiff to Appear for in-person deposition; and**

**5) Order requiring Mediation,**

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on March 14, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature):

__________________
Harold Harris
Pro Se Plaintiff

Other participants: _________________________________________________

_________________________________________________________________

For Defendant: Lead counsel (signature):

*/s/ - R. Dal Burton*
Amazon Logistics, Inc.
R Dal Burton

*/s/ - Thomas O. Sippel*____________________
Bullard Logistics LLC
Thomas O. Sippel

Other participants:

For Amazon Logistics, Inc.:

*/s/ - Marvis L. Jenkins*
Marvis L. Jenkins

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.
(___) A possibility of settlement after discovery.
( X ) A possibility of settlement, but a conference with the judge is needed.
(___) No possibility of settlement.

(c) Counsel ( X ) do or (_____) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference will be determined during the parties scheduling conference.

(d) The following specific problems have created a hindrance to settlement of this case.

**Plaintiff alleges he is seeking future treatment but has no documentation to support additional damages for the same. Plaintiff has asserted claims against Defendants alleging criminal activity and fraudulent behavior. Plaintiff's Fourth Amended Complaint seeks to recover damages exceeding $110,000,000.00, an amount more than eight hundred times the medical expenses incurred to date.**

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge
form has been submitted to the clerk of court this ________________ day, of 20__.

(b) The parties (_X__) do not consent to having this case tried before a magistrate judge of this Court.

Submitted this 1st day of April, 2025.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP**

*/s/ - R. Dal Burton*
R. Dal Burton
Ga. Bar No.: 097890
*Counsel for Defendant*
*Amazon Logistics, Inc.*

3348 Peachtree Road, NE – Ste. 1400
Atlanta, Georgia 30348
Tele: (470) 419-6650
Fax: (470) 419-6651
Dal.burton@wilsonelser.com

**MCANGUS GOUDELOCK & COURIE, LLC**

*/s/ - Thomas O. Sippel*
Thomas O. Sippel
Ga. Bar No.: 649211
*Counsel for Defendant*
*Bullard Logistics, Inc*

270 Peachtree Street, NW – Ste. 1800
Atlanta, Georgia 30303
Tele: (678) 500-7300
tom.sippel@mgclaw.com
.

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

______________________________________________________________________

______________________________________________________________________

**SO ORDERED** this __________ day of _____________, 2025.

____________________________
Honorable ___________________
United States District Judge
Northern District of Georgia
Atlanta Division