FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta
APR 23 2025
KEVIN P. WEIMER, Clerk
By: Deputy Clerk

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **HAROLD HARRIS,** Plaintiff, | CIVIL ACTION |
| v. | FILE NO: 1:25-cv-00095-VMC |
| **T'ZIAH THOMAS, et.al** Defendants. | Hon. Judge Victoria M. Calvert |

**PLAINTIFF'S PRELIMINARY REPORT AND DISCOVERY PLAN**

Pursuant to Local Rule 16.2, Defendants have submitted their portion of the Preliminary Report and Discovery Plan separately. Although Plaintiff and Defendants engaged in discussions regarding the submission of a joint filing, Defendants advised Plaintiff that, because he is proceeding Pro Se, he would be responsible for submitting his own Preliminary Report and Discovery Plan. Accordingly, Plaintiff hereby submits his Preliminary Report and Discovery Plan independently.

Plaintiff submits this Preliminary Report and Discovery Plan in good faith, in compliance with Federal Rule of Civil Procedure 26(f) and Local Rule 16.2. Plaintiff remains willing to engage in further discussions with Defendants regarding discovery matters and case management, as necessary to facilitate the just, speedy, and inexpensive determination of this action.

**1. Description of Case**

(a) Describe briefly the nature of this action.

This case arises from a motor vehicle collision that occurred on October 8, 2022, involving Defendant T'Ziah Thomas, a delivery associate employed by Defendant Bullard Logistics, LLC, a Delivery Service Provider contracted by Defendant Amazon Logistics, Inc. The action was initially filed as a personal injury lawsuit in state court and removed to this Court on January 8, 2025.

What began as a straightforward negligence claim stemming from a two-vehicle collision has evolved into a far more complex and serious matter. Plaintiff's Fourth Amended Complaint now alleges more than twenty counts, asserting a wide range of civil and criminal misconduct, including but not limited to tampering with evidence, obstruction of justice, spoliation of key evidence, and a coordinated effort by Defendants to shift blame to Plaintiff.

Among the most egregious acts alleged are:

1. Defendants' failure to preserve critical dashcam footage and comprehensive telematic data from the Netradyne "Driver-i" system installed in Defendant Thomas's delivery vehicle;
2. Fraudulent alteration and fabrication of dashcam video evidence, which was then presented to the investigating officer at the scene and entered into discovery;
3. Defendants' failure to preserve Event Data Recorder (EDR) "black box" data from the Amazon delivery vehicle;
4. Defendants' failure to produce electronically stored information (ESI), including GPS tracking data and driver monitoring records;
5. Defendants' failure to comply with a Court Order compelling the production of discovery materials, specifically data and documents related to the EDR;

6. **Engagement in wire fraud and insurance fraud through the electronic transmission of falsified video evidence to insurers, counsel, the arbitration board, and during discovery proceedings.**

**Plaintiff seeks compensatory damages for all injuries sustained, as well as punitive damages, treble damages under applicable statutes, and recovery of expenses of litigation. Defendants have filed a motion to dismiss several counts of Plaintiff's Fourth Amended Complaint, which remains pending before the Court. Plaintiff has also filed a Motion to Remand this case to state court and a Motion opposing Defendants' Notice of Removal, both of which are also pending adjudication.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**On October 8, 2022, at approximately 5:25 PM, Plaintiff was driving south on Jett Ferry Road in Sandy Springs, Georgia, with passenger Tyrone Hill, whom Plaintiff had just picked up from his residence located at 8360 Jett Ferry Road. As Plaintiff approached the intersection of Jett Ferry Road and Jett Ferry Manor, he observed Thomas's Amazon delivery vehicle stopped on the right side of the road in what appeared to be a parked position.**

**Jett Ferry Road at the location of the accident is approximately 26 feet wide with no visible yellow dividing line. Defendant Thomas's delivery vehicle (a 2020 Ford Transit) measured 8.1 feet wide with mirrors, occupying roughly one-third of the available road surface while in its stopped position. As Plaintiff attempted to pass the**

**stationary vehicle, Defendant Thomas suddenly initiated a left turn without signaling, striking Plaintiff's vehicle on the right rear wheel area.**

**The impact caused the back of Plaintiff's vehicle to slide to the left, striking the cement curb and resulting in the rear axle detaching from the vehicle's frame. The points of impact on both vehicles indicate that approximately 99% of Plaintiff's vehicle had already cleared Thomas's seated position when the collision occurred, demonstrating that Plaintiff had nearly completed his passing maneuver when Thomas initiated his left turn. (This fact was continually questioned by the investigating officer)**

**After the collision, Thomas left the scene, driving first east on Jett Ferry Manor (into a dead end), and then north on Jett Ferry Road before stopping at the dead end (Cul-de sac) on Jett Ferry Road. Shortly thereafter, Marrotney Green and Majid Amin, both employees of Bullard Logistics, arrived at the scene and drove past Plaintiff's vehicle disabled in the middle of Jett Ferry Road, and proceeded north to Thomas' location. Sandy Spring's Fire Department and medical were the initial first responders on the scene. Then the Sandy Springs Police Department responded to the accident, with Officer J.P. Smith arriving at approximately 5:39 PM. Defendants dispute liability, causation, and damages and expressly deny that they are liable to Plaintiff under any theory.**

(c) The legal issues to be tried are as follows:

**Liability, causation, proximate cause, Civil RICO, Civil Conspiracy, fraud and damages.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

**None.**

(2) Previously Adjudicated Related Cases:

**None.**

This case is complex because it possesses one or more of the features listed below (please check):

_____ (1) Unusually large number of parties
__X__ (2) Unusually large number of claims or defenses
__X__ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
_____ (5) Extended discovery period is needed
__X__ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
__X__ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof

_____ (11) Unusually complex discovery of electronically stored information

**2. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

**<u>Plaintiff:</u>**

**Harold Harris**
**Plaintiff, Pro Se**
**9950 W. Tropicana Avenue,**
**#3104**
**Las Vegas, NV 89147**
**Phone: (404) 840-6654 (main)**
**Phone: (404) 709-6361**
**Email: haroldharris2025@gmail.com**

**Defendant:**

**Amazon, Logistics, Inc.:**

**R. Dal Burton, Esq. and Marvis L. Jenkins, Esq.**
**Wilson Elser Moskowitz Edelman & Dicker LLP**
**3348 Peachtree Rd. NE., Suite 1400**
**Atlanta Ga, 30326**
**Tele: 470-419-6650; Fax: 470-419-6651**
**Dal.burton@wilsonelser.com**
**Marvis.jenkins@wilsonelser.com**

**Bullard Logistics, LLC and T'ziah Thomas**

**Thomas O. Sippel**
**McAngus Goudelock & Courie LLC**
**270 Peachtree St NW #1800**
**Atlanta Ga, 30303**
**Tele: 678-500-7300; Fax: 678-669-3546**
**Tom.sippel@mgclaw.com**

**3. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

X Yes ______ No

If "yes", **please attach a statement**, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**(See Appendix)**

**4. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

**Marrotney Green and Majid Amin were named as Defendants in the Third Amended Complaint but have not yet been served.**

(b) The following persons are improperly joined as parties:

**None.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**5. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None.**

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**6. Filing Times For Motions**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) Motions to Compel: within 60 days before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) Summary Judgment Motions: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) Other Limited Motions: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

---

Harold Harris - Mailed and served his Initial Disclosure on

April 21, 2025.

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**Plaintiff:**

**Pro se Plaintiff Harold Harris has amended his complaint to add additional claims which significantly expand the issues to be litigated in this case. For the same reason, settlement discussions have not been fruitful. Plaintiff request the Court hold a conference to set deadlines, specifically related to the issues that have impeded progress. Those deadlines include:**

- **to complete discovery;**

- **to address Plaintiff's Motion to Remand;**
- **to address Plaintiff's request for permission to file electronically;**
- **to address Plaintiff's request for a subpoena for third-party company;**
- **to address ownership of the delivery vehicle;**
- **to address all defendants that had any form of access to the vehicle;**
- **to address all defendants that exercised any form of control over the vehicle;**
- **to address witness availability for depositions;**
- **to address depositions;**
- **to add additional defendants;**
- **to limit additional claims or amendments to the pleadings;**
- **to address Plaintiff's allegations of spoliation of evidence;**
- **to complete motions practice; and**
- **to complete mediation.**

**10. Discovery Period:**

The discovery period commences thirty days after the requested scheduling conference is completed. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiff's Fourth Amended Complaint asserts additional claims concerning the circumstances surrounding the subject accident, causation, damages, and the post-accident actions of Defendants and their employees and agents. Plaintiff continues to require medical treatment for his injuries; however, due to his financial circumstances and his status as a pro se litigant, further necessary treatment is presently unavailable to him. Plaintiff also anticipates utilizing multiple expert witnesses to address issues of fraud, liability, causation, and damages.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted below:

**Plaintiff do not anticipate needing additional time for discovery. However, should it become apparent that additional time is needed, an appropriate motion with a proposed order may be filed setting forth good cause for the requested extension.**

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

---

**Plaintiff do not anticipate any needed changes to existing limitations of electronically stored information.**

(a) Is any party seeking discovery of electronically stored information?

__X__ Yes _______ No

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**Although Defendants have delivered a short video of the accident, Plaintiff contends that this video was fraudulently created six(6) days after the accident occurred. Defendants allowed the third-party company (Netradyne Inc.) that captures and stores the electronic data, by way of the dash cam system installed in the delivery vehicle. To destroy critical evidence without preserving it. Plaintiff and Defendants anticipate discovery disputes will arise over the handling of this video and data related issues and that these disputes will require Court intervention.**

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties have not discussed these issues and have requested a scheduling conference to address these, and the other issues identified herein.**

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

## 12. Other Orders

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**Plaintiff requests the Court enter the following Orders:**

**1) Order requiring Plaintiff to complete proper service on Marrotney Green and Majid Amin by a date certain;**

**2) Order precluding Plaintiff from naming any new Defendants after a date certain;**

**3) Order setting hearing to address Plaintiff's Partial Motion for Default Judgment Due to Spoliation;**

**4) Order requiring Defendants to Appear for in-person deposition; and**

**5) Order requiring Mediation.**

**13. Settlement Potential**

(a) Lead counsel for the parties certify by their signatures below that they

conducted a Rule 26(f) conference that was held on March 14, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff: Lead counsel (signature):

*/s/ Harold Harris*
Harold Harris
Pro Se Plaintiff

Other participants: ____________________________________________

____________________________________________

For Defendant: Lead counsel (signature):

____________________

Amazon Logistics, Inc.
R Dal Burton

____________________

Bullard Logistics LLC
Thomas O. Sippel

Other participants:

For Amazon Logistics, Inc.:

____________________
Marvis L. Jenkins

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(___) A possibility of settlement before discovery.

(X) A possibility of settlement after discovery.

(X) A possibility of settlement, but a conference with the judge is needed.

(___) No possibility of settlement.

(c) Counsel ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference will be determined during the parties scheduling conference.

(d) The following specific problems have created a hindrance to settlement of this case.

**Plaintiff contends that Defendant's and their employees/agents' fraudulent actions and misconduct after the accident, fundamentally transformed this case from a simple personal injury matter into a complex action involving extensive allegations of fraud, spoliation of evidence, and obstruction of justice. As a result, the damages sought are not, and cannot be, calculated based merely on a multiple of Plaintiff's total medical expenses.**

14. Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_____) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge

form has been submitted to the clerk of court this ________________ day, of 20__.

(b) The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

Submitted this 21st day of April, 2025.

/s/ Harold Harris

Harold Harris
Plaintiff, Pro Se
9950 W. Tropicana Avenue,
#3104

Las Vegas, NV 89147
Phone: (404) 709-6361
Phone: (404) 840-6654
haroldharris2025@gmail.com

# Appendix

Question:

**3. Jurisdiction**

There is a pending question regarding this Court's jurisdiction. Plaintiff has filed a Motion to Remand, opposing the removal of this case from the State Court of Fulton County, Georgia to federal court. Plaintiff asserts that the Court lacks subject matter jurisdiction because:

- All federal claims, including claims under the Civil RICO Act (18 U.S.C. § 1962), have been removed from the Fourth Amended Complaint, leaving only state law claims;
- Complete diversity of citizenship did not exist at the time the original complaint was filed, as both Plaintiff and certain Defendants were citizens of Georgia;
- Under 28 U.S.C. § 1447(c), remand to state court is appropriate where subject matter jurisdiction is lacking.

Plaintiff's Motion to Remand is currently pending before the Court.

## SCHEDULING ORDER

Upon review of the information contained in the Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

________________________________________________________________________

__________________________________________________

**SO ORDERED** this __________ day of _____________, 2025.

____________________________
Honorable ___________________
United States District Judge
Northern District of Georgia
Atlanta Division

# CERTIFICATE OF SERVICE

I hereby certify that I have on this day served a true and correct copy of the foregoing PLAINTIFF'S INITIAL DISCLOSURES and PRELIMINARY REPORT AND DISCOVERY PLAN upon all parties via electronic mail service addressed to their counsel of record.

Thomas O. Sippel, Esq.
Ethan L. Ramsammy, Esq.
McAngus Goudelock & Courie, LLC
P.O. Box 57365
270 Peachtree Street, N.W., Suite 1800
Atlanta, GA 30343
Counsel for:
T'Ziah Thomas
Bullard Logistics, LLC.
Tom.Sippel@mgclaw.com
Ethan.Ramsammy@mgclaw.com

R. Dal Burton, Esq.
Anna H. Wyatt, Esq.
Marvis Jenkins, Esq.
Wilson Elser Moskowitz Edelman & Dicker
3348 Peachtree Road, N.E., Suite 1400
Atlanta, GA 30326
Counsel for:
Amazon Logistics, Inc.

Dal.Burton@wilsonelser.com
Anna.Wyatt@wilsonelser.com
Marvis.Jenkins@wilsonelser.com

This 21st day of April, 2025.

*/s/ Harold Harris*
Pro Se Plaintiff

Harold Harris
Pro Se Plaintiff
9950 W. Tropicana Avenue
#3104
Las Vegas, Nevada, 89147
Phone: (404) 840-6654
(404) 709-6361
Haroldharris2025@gmail.com

P

US POSTAGE AND FEES PAID
2025-04-21
89147
C6730247
Commercial
FLAT RATE LGL ENV

easypost

0901000019814

USPS PRIORITY MAIL

HAROLD HARRIS
9950 W TROPICANA AVE APT 3104
LAS VEGAS NV 89147-8551

0003

C039

SHIP TO: OFFICE OF THE CLERK / US DISTRICT COURT
75 TED TURNER DR SW STE 2211
ATLANTA GA 30303-3318

USPS TRACKING #

9405 5361 0619 3275 6129 91

FLAT RATE ENVELOPE
POSTAGE REQUIRED

PRESS FIRMLY TO SEAL

how2recycle.info
PAPER POUCH

EP14F October 2023
OD: 12 1/2 x 9 1/2