**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HAROLD HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>T'ZIAH THOMAS, BULLARD LOGISTICS, LLC, and AMAZON LOGISTICS, INC.,<br><br>Defendants. | Civil Action No.<br>1:25-cv-00095-VMC |

**ORDER**

Before the Court are the following Motions: Plaintiff's Motion for Leave to file Fifth Amended Complaint (Doc. 94), Plaintiff's Motion for Leave to File Conformed Fifth Amended Complaint, to Substitute it for the Fifth Amended Complaint on File, and to Reset Deadlines ("Motion for Leave to File Conformed Fifth Amended Complaint," Doc. 98), and Plaintiff's Renewed Motion for Permission to Issue Subpoenas to Third-Party Netradyne, Inc. for Documents and a Rule 30(b)(6) Organizational Deposition ("Renewed Motion to Issue Subpoenas," Doc. 106).

**Background**

On or about May 10, 2023, Plaintiff filed his Initial Complaint in the State Court of Fulton County. (the "Action," Doc. 1-1 at 1). Then on or about December

9, 2024, Plaintiff filed his Fourth Amended Complaint, which, for the first time, included federal claims, resulting in its removal to this Court. (*See* Docs. 1; 1-11 ¶¶ 84–99, 129–133).

Shortly after removal, Defendant Amazon Logistics, Inc. ("Amazon") filed a Partial Motion to Dismiss the Fourth Amended Complaint. (Doc. 12). In that Motion, Amazon sought dismissal of Counts 8, 10, 13, 14, 15, 16, 17, 18, 19, and 21 of Plaintiff's Fourth Amended Complaint. (*See* Docs. 7; 12). However, before the Court's ruling on Amazon's Partial Motion to Dismiss the Fourth Amended Complaint, Plaintiff filed a Partial Motion for Default Judgment due to Spoliation of Evidence and Discovery Violations. (Doc. 39).

On September 17, 2025, the Court granted Amazon's Partial Motion to Dismiss the Fourth Amended Complaint in part and denied it in part. (*See* Doc. 88). Specifically, the Court denied dismissal of Counts 13, 14, 15, and 21 and granted dismissal as to Counts 8, 10, 16, 17, 18, and 19. (*Id.*). The Court also explained that Plaintiff, who is pro se, would be given an opportunity to amend the complaint before dismissal. (*Id.* at 18). Therefore, Plaintiff was given fourteen days from entry of that Order to (1) file a motion for leave to amend the claims dismissed by that Order and (2) attach a proposed Fifth Amended Complaint. (*Id.*).

Shortly after that Order, Plaintiff filed a Motion for Leave to File Fifth Amended Complaint, (Doc. 94), followed by a Motion for Leave to File Conformed

Fifth Amended Complaint (Doc. 98), and Defendants filed responses in opposition (Docs. 100; 101). Before the Court could rule on either motion, the Parties requested a stay of discovery pending the Court's ruling on all pending motions, and the Court entered a stay on October 9, 2025. While discovery was stayed, the Court then ruled on Plaintiff's Partial Motion for Default Judgment due to Spoliation of Evidence and Discovery Violations on December 2, 2025. (*See* Doc. 103). In that Order, the Court denied Plaintiff's Partial Motion for Default Judgment finding that (1) Plaintiff could not establish that the evidence he alleged was spoliated actually existed, and (2) even if he could show that it did in fact exist, he had not shown that Defendants acted in bad faith. (*Id.*). In response to that Order, Plaintiff then filed a Renewed Motion to Issue Subpoenas (Doc. 106), and Defendants filed their responses in opposition. (*See* Docs. 107; 108).

The Court addresses each pending Motion below.

## Discussion

### I. Plaintiff's Motions for Leave to File Fifth Amended Complaint and Conformed Fifth Amended Complaint

"Generally speaking, a pro se plaintiff must be given at least one chance to amend the complaint before dismissal." *Watkins v. Sullivan*, No. 21-12396, 2022 WL 10792955, at *2 (11th Cir. Oct. 19, 2022) (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by *Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d

541, 542 (11th Cir. 2002) (en banc)). The rule apparently applies to even orders "granting in part" a "motion to dismiss." *Id.*

Here, in the Court's Order granting Amazon's Partial Motion to Dismiss the Fourth Amended Complaint, the Court directed Plaintiff to (1) file a motion for leave to amend and (2) attach a proposed Fifth Amended Complaint. (*See* Doc. 88 at 18). Thus, when Plaintiff filed his Motion for Leave to File Fifth Amended Complaint (Doc. 94), he did so according to a Court Order. However, Plaintiff's Motion for Leave to File Conformed Fifth Amended Complaint (Doc. 98) was done outside the scope of that Order. But, Rule 15(a)(2) of the Federal Rules of Civil Procedure allows the Court to grant leave "when justice so requires." Therefore, under Rule 15(a)(2), the Court **GRANTS** Plaintiff's Motion for Leave to File Conformed Fifth Amended Complaint (Doc. 98), subject to exceptions discussed more fully below, and **DENIES** the now superseded Motion for Leave to File Fifth Amended Complaint (Doc. 94).

**A. Count 8**[1]

First, Plaintiff amends the previously dismissed Count 8 (Fraudulent Alteration of Evidence in violation of O.C.G.A. § 16-10-94), and for the first time asserts a claim for common law fraud. (*See* Doc.98-1 ¶¶ 58–71). Defendants first

---

[1] The Court addresses each count in the order in which they appear in Defendant Amazon's response in opposition to Plaintiff's Motion for Leave to File Conformed Fifth Amended Complaint.

argue that this claim should not be permitted to proceed any further because it is a new claim that was never included in the Fourth Amended Complaint.[2] (*See* Doc. 99 at 4). In response, Plaintiff argues that common law fraud is an appropriate replacement for the previously dismissed fraudulent alteration of evidence claim because it is "reframed as a recognized tort instead of a penal statute." (Doc. 101 at 8). The Court agrees.[3] Specifically, in the Court's previous Order, the Court explained that Plaintiff could not assert a fraudulent alteration of evidence claim in violation of O.C.G.A. § 16-10-94 because there was no private right of action to enforce that statute. (*See* Doc. 88 at 9). Thus, Plaintiff's amendment is proper and within the scope of the Court's previous Order.

Although Plaintiff's amendment is proper, as Defendants additionally argue, Count 8 should otherwise not be permitted to proceed because Plaintiff has not alleged sufficient facts to support a claim for common law fraud. (*See* Doc. 99 at 4). Under Georgia law, "[t]he tort of fraud has five elements: a false representation by a defendant, scienter, intention to induce the plaintiff to act or

---

[2] Defendant Bullard Logistics, LLC ("Bullard Logistics") has "join[ed] in and adopt[ed] by reference the factual assertions, legal arguments, and reasoning set forth in Defendant Amazon's" response to Plaintiff's Motion for Leave to File Conformed Fifth Amended Complaint." (Doc. 100 at 1–2).

[3] Plaintiff mistakenly identifies the previously dismissed Count 8 as tampering with evidence, but from the context it is clear that Plaintiff is referring to fraudulent alteration of evidence in violation of O.C.G.A. § 16-10-94. (*See* Doc. 101 at 7).

refrain from acting, justifiable reliance by plaintiff, and damage to plaintiff." *Bowden v. Med. Ctr., Inc.*, 845 S.E.2d 555, 563 n.10 (Ga. 2020) (quoting *Crawford v. Williams*, 375 S.E.2d 223 (Ga. 1989)). Here, in support of Count 8, Plaintiff alleges that "Plaintiff's investigators, and law enforcement relied on [Defendants'] repeated representations." (Doc. 98-1 ¶ 66). However, as Defendants correctly argue, under Georgia law, Plaintiff must allege that he himself justifiably relied on a false representation, and he has failed to do so here. *See Bowden*, 845 S.E.2d at 563 n.10; (*see also* Doc. 99 at 5). Accordingly, Count 8 cannot proceed.

**B. Counts 10, 16, 17 and 18**

Although Plaintiff includes the previously dismissed Counts 10 (Worker's Compensation under § 34-9-8), 16 (Strict Liability – Design Defect), 17 (Strict Liability – Marketing Defect) and 18 (FMSCA Regulations) in the Conformed Fifth Amended Complaint, he explicitly states that they are voluntarily withdrawn. (*See* Doc. 98-1 at 9, 13).

**C. Count 13**

Although Count 13 (Georgia Racketeer Influenced and Corrupt Organizations ("RICO") Act, O.C.G.A. § 16-14-1 et seq., against Defendant Bullard Logistics, LLC) was not dismissed by the Court's previous Order on Defendant Amazon's Partial Motion to Dismiss the Fourth Amended Complaint (Doc. 88), Defendants contend that Count 13 "remains futile" and should now be dismissed

for a new reason: Plaintiff's failure to allege that "Defendants' alleged RICO violations were the proximate cause of his injuries." (Doc. 99 at 7).[4] In response, Plaintiff argues that this claim should remain because he has alleged "direct economic and litigation harms flowing from the alleged racketeering acts themselves." (Doc. 101 at 10). Specifically, Plaintiff alleges four predicate acts: tampering with evidence, obstruction of justice, insurance fraud, and wire fraud. (*See* Doc. 98-1 ¶ 85). Plaintiff further alleges the following injuries as a result of these alleged acts: litigation expenses, economic losses, and undue emotional distress. (*Id.* ¶ 88). The Court addresses each predicate act below.

"To assert a civil claim based upon either a violation of the RICO statute or a conspiracy to violate that statute, a plaintiff must show that the defendants violated or conspired to violate the RICO statute; that as a result of this conduct the plaintiff has suffered injury; and that the defendant's violation of or conspiracy to violate the RICO statute was the proximate cause of the injury." *Wylie v. Denton*, 746 S.E.2d 689, 693 (Ga. Ct. App. 2013) (citing *Cox v. Mayan Lagoon Estates*, 734 S.E.2d 883 (Ga. Ct. App. 2012)). "[A] plaintiff asserting a RICO claim must allege more than that an act of racketeering occurred and that she was injured . . . Rather, she must show that her injury was the direct result of a predicate act targeted

[4] Plaintiff alleges that Defendant Amazon is also liable for these actions under the doctrine of respondeat superior. (*See* Doc. 98-1 ¶ 87).

toward her, such that she was the intended victim." *Wylie*, 746 S.E.2d at 694. Although *Wylie* does not hold that a RICO defendant is liable *only* if it specifically targets that plaintiff as its intended victim, "a plaintiff must show that her injury flowed directly from at least one of the predicate acts[,]" and where the plaintiff is not among those who were directly affected by the predicate acts, plaintiff's injury is too attenuated. *Id.*

First, regarding insurance fraud, Plaintiff states that Defendant Bullard Logistics submitted "fraudulent dashcam video to their insurer." (Doc. 98-1 ¶ 85). However, Plaintiff has explicitly alleged that this scheme was directed toward the insurance company and not Plaintiff. Thus, as Defendants correctly argue, Plaintiff has not established, at least as to this predicate act, a causal connection to the alleged injuries suffered. (*See* Doc. 99 at 7).

Next, regarding tampering with evidence, obstruction of justice, and wire fraud, whether Plaintiff has sufficiently alleged that Defendant Bullard Logistics' actions proximately caused the resulting injuries is irrelevant, because Plaintiff has not alleged the statutory elements of any of these predicate acts. *See Scott v. Charter Oak Fire Ins. Co.*, No. 1:20-CV-4420-TWT, 2021 WL 1244995, at *3 (N.D. Ga. Mar. 26, 2021) (dismissing the plaintiff's Georgia RICO claim because the plaintiff failed to allege the statutory elements of two of the predicate acts supporting the claim). For example, the evidence-tampering statute prohibits the knowing destruction,

alteration, or concealment of evidence "with the intent to prevent the apprehension or cause the wrongful apprehension of any person or to obstruct the prosecution or defense of any person." O.C.G.A. § 16-10-94(a).[5] Thus, as the words of the statute indicate, the statute appears to be targeted at interference with the criminal justice system by way of destroying evidence, and Plaintiff has not alleged that Defendant Bullard Logistics engaged in this kind of interference. Second, as it relates to obstruction of justice, although Plaintiff does not indicate what kind of obstruction Defendant Bullard Logistics engaged in, Plaintiff has alleged no facts to satisfy the various obstruction of justice subsections under Georgia law. *See* O.C.G.A. § 16-10-24 (obstruction of officers); O.C.G.A. § 16-10-24.1 (obstruction or hindering firefighter in discharge of his duties); O.C.G.A. § 16-10-24.2 (obstructing emergency medical personnel); O.C.G.A. § 16-10-24.3 (interfering with calls for emergency assistance). Finally, wire fraud, as defined under 18 U.S.C. § 1343, occurs when a defendant schemes to "obtain the victim's money or property," and Plaintiff has not alleged that there was a scheme to obtain his money or property. *Kousisis v. United States*, 605 U.S. 114, 121–22 (2025).[6]

---

[5] The Georgia RICO statute contemplates numerous racketeering activities, and tampering with evidence, in violation of O.C.G.A. § 16-10-94, is one of them. *See* O.C.G.A. § 16-14-3(5)(A)(xxviii).

[6] O.C.G.A. § 16-14-3(5)(C) allows for racketeering activity as defined under 18 U.S.C. § 1961(1), and § 1961 contemplates wire fraud as defined under 18 U.S.C. § 1343.

Accordingly, for the foregoing reasons, Count 13 cannot proceed as a matter of law.

**D. Count 14**

Next, although Count 14 (Federal RICO) was not dismissed by the Court's previous Order on Defendant Amazon's Partial Motion to Dismiss the Fourth Amended Complaint (Doc. 88), Defendants now argue that this claim should also be dismissed based on several new arguments. (*See* Doc. 99 at 10–13).

As a threshold matter, it appears that Plaintiff has abandoned Count 14 as his responses to Defendants' opposition to his Motion appear to only focus on Counts 8, 10, 13, 16, 17, 18 and 19. (*See* Docs. 101 at 13; 102 at 5–10, 12). However, because Plaintiff is pro se, the Court will determine whether Count 14 is viable. For the reasons stated more fully below, the Court finds that it is not.

To properly allege a violation of the federal racketeering act, a plaintiff must show that the entity "'(1) operated or managed, (2) an enterprise (3) through a pattern (4) of racketeering activity that included at least two predicate acts of racketeering, which (5) caused (6) injury to the business or property of the [individual].'" *Otto Candies, LLC v. Citigroup Inc.*, 137 F.4th 1158, 1196 (11th Cir. 2025) (quoting *Cisneros v. Petland, Inc.*, 972 F.3d 1204, 1211 (11th Cir. 2020)). Alleged RICO predicate acts must "amount to, or otherwise pose a threat of, 'continuing racketeering activity.'" *Merritt v. Lake Jovita Homeowner's Ass'n, Inc.*, 358 F. App'x

47, 49 (11th Cir. 2009) (citing *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 240 (1989)). "To successfully allege a pattern of racketeering activity, plaintiffs must charge that: (1) the defendants committed two or more predicate acts within a ten-year time span; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrated criminal conduct of a continuing nature." *Jackson v. BellSouth Telecomms.*, 372 F.3d 1250, 1264 (11th Cir. 2004).

Here, although Defendants make several new arguments in support of dismissal of this claim, the Court will only address one: Plaintiff's failure to allege two predicate acts. (*See* Doc. 99 at 12). Plaintiff's Conformed Fifth Amended Complaint alleges that Defendant Amazon obstructed justice by failing to preserve "critical dashcam evidence," permitting its destruction, and presenting other dashcam footage as the full record. (*See* Doc. 98-1 ¶¶ 91–96). Thus, as alleged, Plaintiff only contends that Defendant Amazon committed one predicate act: obstruction of justice. However, the case law is clear: to bring a federal RICO claim, a plaintiff must allege two predicate acts, and Plaintiff has failed to do so here. *See Cisneros*, 972 F.3d at 1215–16 (explaining that in bringing a RICO claim under federal law, a plaintiff must allege "the requisite number of individually chargeable predicate acts[.]"). Therefore, Count 14 cannot proceed.[7]

[7] Even if Plaintiff had somehow alleged the requisite number of predicate acts, Plaintiff has not alleged "enough facts with respect to each predicate act to make [them] independently indictable as a crime." *Cisneros*, 972 F.3d at 1215.

**E. Counts 15 and 21**

Additionally, although Count 15 (Civil Conspiracy) was not previously dismissed by the Court's Order on Amazon's Partial Motion to Dismiss the Fourth Amended Complaint, the Court explained the many issues associated with this claim. Specifically, Plaintiff's Fourth Amended Complaint included a conspiracy claim based on the following conduct: tampering with evidence, insurance fraud, and wire fraud. (Doc. 7 ¶ 101). In that Order the Court first explained that "tampering with evidence is not a tort but a crime." (*See* Doc. 88 at 9–10) (explaining that a viable civil conspiracy claim is based on predicate tortious conduct). Second, the Court allowed this claim to proceed based only on insurance fraud and wire fraud because, though doubtful, it found that Plaintiff could in theory point to case law "establishing a privately enforceable tort for criminal insurance fraud or wire fraud." (*Id.* at 10).

Here, Plaintiff has reasserted Count 15 based on the same acts: "tampering with evidence, insurance fraud, and wire fraud." (*See* Doc. 98-1 ¶¶ 100–05). First, as explained above, the Court has already addressed why tampering with evidence cannot form the basis of a civil conspiracy claim. Second, Defendants have since found case law from this District confirming the Court's doubts that there is no privately enforceable tort for insurance fraud or wire fraud (*See* Docs. 88 at 10; 99 at 14). Therefore, Count 15 cannot proceed. Nor can Count 21 (Punitive

Damages) since it previously survived because the Court declined to dismiss Count 15. (*See* Doc. 88 at 18) ("Because the Court is not dismissing the civil conspiracy claim, the Court will not dismiss the punitive damages claim.").

**F. Count 19**

In Count 19, Plaintiff amends and realleges the previously dismissed claim for intentional infliction of emotional distress ("IIED"). (*See* Doc. 98-1 ¶¶ 169–179). Defendants again argue that Plaintiff's IIED claim should not proceed because Plaintiff's attempt to add "lengthy allegations of extreme and outrageous conduct . . . still [does] not meet the burden required to sustain a claim for IIED." (Doc. 99 at 15–16). In response, Plaintiff argues that the Conformed Fifth Amended Complaint addresses "the Court's concern about severe distress and provide[s] the detail Georgia courts require." (Doc. 101 at 11).

The Court's previous Order dismissed Plaintiff's IIED claim because it was based on conclusory allegations of emotional distress that did not plausibly allege the kind of severe distress a reasonable person could not be expected to endure. (*See* Doc. 88 at 17) (quoting *Abdul-Malik v. AirTran Airways, Inc.*, 678 S.E.2d 555, 560 (Ga. Ct. App. 2009)). Here, although Plaintiff attempts to cure these deficiencies by adding additional factual allegations, the same issues persist. As the Court explained in its previous Order, an IIED plaintiff has a heavy burden, and the

newly added factual allegations still do not establish conduct so extreme and severe to support a claim for IIED. Therefore, Count 19 cannot proceed.

**G. Spoliation Allegations**

Finally, Defendants argue that they are unfairly prejudiced by the Conformed Fifth Amended Complaint's newly added spoliation allegations and expanded arguments in support of Plaintiff's Partial Motion for Default Judgment. (*See* Doc. 99 at 18–19). In response, Plaintiff proposes "cleaning up" these allegations or "filing a slightly streamlined version of the Fifth [Complaint] . . . without changing the underlying factual allegations about destruction and curation of evidence." (Doc. 101 at 12).

Since the Court has already ruled on Plaintiff's Partial Motion for Default Judgment and found that Plaintiff is not entitled to spoliation sanctions (*See* Doc. 103 at 11–12), Plaintiff should remove any mention of spoliation sanctions and arguments in support of his already ruled-upon Partial Motion for Default Judgment. Furthermore, because factual allegations related to purported destruction and curation of evidence are irrelevant to the surviving claims, they should not be included.

Accordingly, although Plaintiff is granted leave to file his Conformed Fifth Amended Complaint, he may only include the claims alleged in Counts 1–7, 9, 11, 12, 20 and 22. Counts 8, 10, 13–19 and 21 cannot proceed, and all allegations

regarding spoliation sanctions, destruction or curation of evidence, and related relief must be removed.

## II. Plaintiff's Renewed Motion to Issue Subpoenas

Plaintiff also seeks permission to issue two subpoenas to Third-Party Netradyne, Inc. "requiring production of documents and electronically stored information" and "requiring Netradyne to designate one or more corporate representatives to testify," on specific matters. (Doc. 106 at 1–2). Plaintiff's goal in issuing these subpoenas is to "serve revised and more targeted subpoenas on Netradyne that are specifically designed to address the gaps identified by the Court [in its Order on Plaintiff's Motion for Partial Default Judgment.]" (*Id.* at 4). In response to this request, Defendants argue, among other things, that Plaintiff's Motion should be denied because Plaintiff was already granted permission to conduct discovery on these issues but failed to "pursue any non-party discovery from Netradyne during the limited discovery period."[8] (Doc. 107 at 6).

In liberally construing Plaintiff's renewed request, it appears that he moves to reopen discovery on spoliation sanctions. In *Ashmore v. Secretary, Department of Transportation*, 503 F. App'x 683, 685–86 (11th Cir. 2013), the Eleventh Circuit

[8] Defendant Bullard Logistics has "join[ed] in and adopt[ed] by reference the factual assertions, legal arguments, and reasoning set forth in Defendant Amazon's" response in opposition to Plaintiff's Renewed Motion for Permission to Issue Subpoenas. (Doc. 108 at 1).

applied Rule 6(b) to determine whether to grant a motion to reopen discovery. Under Rule 6(b)(1)(B), the court may, for good cause, extend the time for filing a motion after the deadline has expired as long as the party failed to act because of excusable neglect. *Id.* To determine if there was excusable neglect, the court considers the following factors: (1) the danger of prejudice to a nonmovant; (2) the length of delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within reasonable control of the movant, and (4) whether the movant acted in good faith. *Id.*

Here, after a telephone conference, the Court gave the Parties ninety days to conduct discovery regarding Plaintiff's Motion. (Docs. 48; 53 at 6, 10). Thereafter, the Parties engaged in limited discovery by deposing various witnesses and issuing subpoenas. During this discovery period, Plaintiff had the opportunity to subpoena Netradyne and Plaintiff's Renewed Motion provides no explanation as to why he did not follow through with the process before. Thus, Plaintiff has not provided good cause to reopen discovery, and the Court will therefore not address the secondary question of excusable neglect. *Ashmore*, 503 F. App'x at 685. Accordingly, Plaintiff's Renewed Motion is **DENIED**.

## III. Subject Matter Jurisdiction

The Court must address another issue that has now become apparent: subject matter jurisdiction. *See Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 409

(11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."). Specifically, when Defendants removed the state court action to this Court, they did so based primarily on federal question jurisdiction, 28 U.S.C. § 1331. (*See* Docs. 1 ¶ 18; 56 at 3–4). In addition to this primary basis for removal, Defendants also invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (*Id.* ¶ 20). At this juncture, all federal claims have been dismissed, and on review of the notice of removal and Defendants' answers to Plaintiff's previously amended complaints, it is not clear whether complete diversity of citizenship is met.[9] Indeed, although Defendant Amazon has properly alleged its citizenship, Defendants T'Ziah Thomas and Bullard Logistics' citizenship is not clear. (*See* Docs. 1 ¶ 20; 2 at 4; 10; 11).

Accordingly, Defendants Bullard Logistics and T'Ziah Thomas are **ORDERED** to **SHOW CAUSE** within **FOURTEEN (14) DAYS** from entry of this Order why this case should not be remanded for lack of subject matter jurisdiction.

## Conclusion

For the reasons given above, Plaintiff's Motion for Leave to File Conformed Fifth Amended Complaint (Doc. 98) is **GRANTED in part and DENIED in part**. Specifically, only Counts 1–7, 9, 11, 12, 20 and 22 can proceed. Counts 8, 10, 13–19

[9] The requisite amount in controversy is met. (*See* Docs. 94-1 at 55; 98 at 17).

and 21 cannot proceed, and all allegations regarding spoliation sanctions, destruction or curation of evidence, and related relief must be removed. It is

**FURTHER ORDERED** that Plaintiff is **DIRECTED** to file a consolidated Fifth Amended Complaint within **THIRTY (30) DAYS**. Plaintiff is **CAUTIONED** that an amended complaint entirely replaces the previous complaint and, as such, Plaintiff should not reference the prior complaints in any fashion. It is

**FURTHER ORDERED** that Plaintiff is **WARNED** that failure to comply with the Court's instructions may result in sanctions, including dismissal without prejudice for failing to comply with the Court's Order. *See* LR 41.3(A)(2), NDGa. It is

**FURTHER ORDERED** that Plaintiff's Renewed Motion for Permission to Issue Subpoenas to Third-Party Netradyne, Inc. for Documents and a Rule 30(b)(6) Organizational Deposition (Doc. 106) is **DENIED**. It is

**FURTHER ORDERED** that Plaintiff's Motion for Leave to File Fifth Amended Complaint (Doc. 94) is **DENIED as moot**. It is

**FURTHER ORDERED** that all deadlines in this case, except those specified above, are **STAYED** until the Court is satisfied that all jurisdictional requirements have been met.

**SO ORDERED** this 2nd day of September, 2026.

Victoria Marie Calvert
United States District Judge