**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HARROLD HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>T'ZIAH THOMAS, BULLARD LOGISTICS, LLC., AND AMAZON LOGISTICS, INC.,<br><br>Defendants. | Civil Action No. 1:25-CV-00095-VMC |

**DEFENDANTS T'ZIAH THOMAS AND BULLARD LOGISTICS, LLC'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND MOTION FOR EXTENSION OF TIME**

**COME NOW,** T'Ziah Thomas and Bullard Logistics, LLC (collectively, "Defendants"), named Defendants in the above-styled action, by and through undersigned counsel, and file this Response to the Court's Order to Show Cause and Motion for Extension of Time, respectfully showing the Court as follows:

1.

On September 2, 2026, the Court entered an Order (Doc. 114) granting in part and denying in part Plaintiff's Motion for Leave to File a Conformed Fifth Amended Complaint. (Ord. at 17). The Court permitted only Counts 1-7, 9, 11, 12, 20, and 22 to proceed and held that Counts 8, 10, 13-19, and 21 could not proceed. (Ord. at 14). As a result of that ruling, all of Plaintiff's federal claims have been

dismissed. (Ord. at 17).

2.

Because all federal claims have been dismissed, and because it is not clear from the record whether complete diversity of citizenship exists, the Court raised the question of its subject matter jurisdiction sua sponte. (Ord. at 17). Defendants removed this action based primarily on federal question jurisdiction under 28 U.S.C. § 1331, and secondarily on diversity jurisdiction under 28 U.S.C. § 1332(a). (Ord. at 17).

3.

The Order directs Defendants Bullard Logistics and T'Ziah Thomas to show cause within fourteen (14) days from entry of the Order (that is, on or before September 16, 2026) why this case should not be remanded for lack of subject matter jurisdiction. (Ord. at 17).

4.

In the same Order, the Court also directed Plaintiff to file a consolidated Fifth Amended Complaint within thirty (30) days of entry (that is, on or before October 2, 2026). (Ord. at 18). The Court further stayed all deadlines in this case, except those specified in the Order, until the Court is satisfied that all jurisdictional requirements have been met. (Ord. at 18).

5.

Defendants have since confirmed the facts bearing on the parties' citizenship, and complete diversity of citizenship exists. Plaintiff is a citizen of Nevada. (Doc. 98-1) and Defendants are citizens of Georgia (Defs.' Ex. "A" (Ans. and Aff. Defenses of Defs') St. Ct. of Fulton County, 23EV002811 (Oct. 8, 2024)) at 1-2). Together with an amount in controversy that exceeds $75,000, exclusive of interest and costs, the requirements of 28 U.S.C. § 1332(a) are satisfied. This Court therefore has subject matter jurisdiction over this action on the basis of diversity of citizenship, independent of any federal question, and remand is not warranted.

6.

As a result of the Court's Order, there is no federal claim currently pending, and therefore no federal question presently before the Court. (Ord. at 17). Plaintiff, however, has been granted leave to file a consolidated Fifth Amended Complaint, in which he may assert one or more federal causes of action. (Ord. at 18). Should he do so, this Court would have federal question jurisdiction under 28 U.S.C. § 1331, and could retain jurisdiction over this matter. Because the operative pleading, and therefore the basis for this Court's subject matter jurisdiction, will not be settled until Plaintiff files, Defendants cannot fully respond to the Order to Show Cause until that time.

7.

Responding by September 16, 2026 would require Defendants to brief the Court's jurisdiction against a complaint that will soon be replaced. A short extension tied to Plaintiff's filing also aligns with the Order's stay of all other deadlines pending resolution of the jurisdictional issues. (Ord. at 18).

8.

Accordingly, Defendants respectfully request that the Court extend their deadline to respond to the Order to Show Cause to fourteen (14) days after Plaintiff files his consolidated Fifth Amended Complaint. In the event Plaintiff does not timely file his consolidated Fifth Amended Complaint on or before October 2, 2026, Defendants request that their deadline to respond to the Order to Show Cause instead run fourteen (14) days from the expiration of Plaintiff's filing deadline (that is, on or before October 16, 2026).

9.

This request is made in good faith and not for purposes of delay, and no party will be prejudiced by the requested extension.

Respectfully submitted this 16th day of September, 2026.

**MCANGUS GOUDELOCK & COURIE, LLC**

JASON D. HERGENROETHER (GA Bar No. 348323)
ERIN P. MCGONIGLE (GA Bar No. 201259)
jason.hergenroether@mgclaw.com
erin.mcgonigle@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1530
*Attorneys for T'Ziah Thomas and Bullard Logistics, LLC.*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing ***DEFENDANTS T'ZIAH THOMAS AND BULLARD LOGISTICS, LLC'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE AND MOTION FOR EXTENSION OF TIME*** was served upon all counsel of record by electronic service addressed as follows:

Email: dal.burton@wilsonelser.com
R. Dal Burton
Wilson Elser Moskowitz Edelman & Dicker LLP
3348 Peachtree Road, N.E.
Suite 1400
Atlanta, Georgia 30326
*Attorney for Amazon Logistics, Inc.*

Email: haroldharris2025@gmail.com
Harold Harris
9950 W. Tropicana Avenue, #3104
Las Vegas, NV 89147
*Pro Se* Plaintiff

This the 16th day of September, 2025.

[*Signature on following page*]

**MCANGUS GOUDELOCK & COURIE, LLC**

JASON D. HERGENROETHER (GA Bar No. 348323)
ERIN P. MCGONIGLE (GA Bar No. 201259)
jason.hergenroether@mgclaw.com
erin.mcgonigle@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1530
*Attorneys for T'Ziah Thomas and Bullard Logistics, LLC.*