**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| HAROLD HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>T'ZIAH THOMAS, BULLARD LOGISTICS, LLC., AND AMAZON LOGISTICS, INC.,<br><br>Defendants. | Civil Action No. 1:25-CV-00095-VMC |

**DEFENDANTS' JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Defendants T'Ziah Thomas, Bullard Logistics, LLC, and Amazon Logistics, Inc. (collectively, "Defendants") submit this Preliminary Report and Discovery Plan. This report sets forth Defendants' positions only. Plaintiff Harold Harris, who is proceeding *pro se*, is submitting his own report separately, and nothing in this report is intended to state Plaintiff's positions.

**1. Description of Case:**

(a) Describe briefly the nature of this action.

This is a personal injury action arising from a motor-vehicle collision that occurred on October 8, 2022, on Jett Ferry Road at its intersection with Jett Ferry Manor in Fulton County, Georgia.

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

On October 8, 2022, Plaintiff Harold Harris was operating a Chevrolet Suburban, and T'Ziah Thomas was operating a Ford Transit van in connection with delivery work performed by Bullard Logistics, LLC. The collision occurred as

Plaintiff was passing Thomas's vehicle on the left, in the oncoming lane of travel, while Thomas was making a left turn into Jett Ferry Manor.

Plaintiff alleges that Thomas was negligent and seeks damages for injuries he claims to have sustained as a result of the collision. Defendants deny that Thomas was negligent and dispute the nature and extent of Plaintiff's claimed injuries.

(c) The legal issues to be tried are as follows:

Negligence, negligence *per se*, imputed liability/respondeat superior, negligent hiring, training and supervision

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases: None

(2) Previously Adjudicated Related Cases: None

**2.** This case is complex because it possesses one or more of the features listed below (please check): It is Defendants' position that this is not a complex case.

___________ (1) Unusually large number of parties
___________ (2) Unusually large number of claims or defenses
___________ (3) Factual issues are exceptionally complex
___________ (4) Greater than normal volume of evidence
___________ (5) Extended discovery period is needed
___________ (6) Problems locating or preserving evidence
___________ (7) Pending parallel investigations or action by government
___________ (8) Multiple use of experts
___________ (9) Need for discovery outside United States boundaries
___________ (10) Existence of highly technical issues and proof
___________ (11) Unusually complex discovery of electronically stored information

**3. Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Plaintiff: *Pro se*

Defendants Thomas and Bullard Logistics, LLC: Jason Hergenroether

Defendant Amazon Logistics, Inc.: Dal Burton

**4. Jurisdiction:**

Is there any question regarding this Court's jurisdiction?

___________ Yes _____**X**____ No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5. Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

None

(b) The following persons are improperly joined as parties:

None

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

None

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6. Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

(a) List separately any amendments to the pleadings that the parties anticipate will be necessary:

Defendants do not anticipate any amendments to the pleadings.

(b) Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7. Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a) *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b) *Summary Judgment Motions*: within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c) *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d) *Motions Objecting to Expert Testimony*: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party’s objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

**9. Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Defendants request a scheduling conference with the Court. Issues that could be addressed include: (1) Defendants' proposal, described in Section 10 below, that the parties not serve new written discovery and instead supplement the previously served written discovery and document productions, during a limited discovery period designated for supplementation only; (2) Defendants' request leave to take a second deposition of Plaintiff, after Plaintiff has served full and complete discovery responses, to explore all liability issues that were not explored in the initial phase of discovery, including but not limited to the facts and circumstances surrounding the accident at issue, Plaintiff's alleged injuries and damages in this case as well as the multiple motor-vehicle accidents in which Plaintiff has been involved since the October 8, 2022, collision and all issues surrounding new and/or pre-existing injuries and damages; (3) deadlines for supplementation, Plaintiff's deposition, expert disclosures, expert discovery, and trial; and (4) the scheduling of a settlement conference with the Court, as requested in Section 14 below. Defendants also ask that the Court confirm that discovery is limited to the claims the claims allowed to proceed per the Court's Order.

**10. Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero-month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Discovery in this matter has been ongoing for an extended period, beginning while this action was pending in the State Court of Fulton County (Civil Action

File No. 23EV002811) and continuing after the case came to this Court. Throughout both proceedings, the parties have exchanged substantial written discovery, document productions, and supplemental responses. Defendants do not seek to serve, and propose that no party be permitted to serve, new written discovery. Instead, Defendants propose a limited discovery period for supplementation only, during which the parties supplement their existing written discovery responses and document productions, including any responses previously limited or withheld as beyond the scope of discovery authorized by the Court's May 2, 2025, Order. Defendants intend to take a second deposition of Plaintiff to explore the merits of the claims, alleged injuries and damages which were limited per the Court's previous Order addressing spoliation claims. Since the October 8, 2022, collision at issue, Plaintiff has been involved in multiple additional motor-vehicle accidents, and Defendants need to examine Plaintiff about those accidents and their bearing on his claimed injuries and damages. Expert discovery and any necessary motion practice would follow prior to trial.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

Defendants propose that discovery be limited to and conducted in the following sequence: (1) a limited discovery period for supplementation only of the previously served written discovery responses and document productions; (2) the second deposition of Plaintiff, to be taken after Plaintiff has served full and complete discovery responses; (3) expert disclosures and expert discovery; and (4) any necessary motion practice and trial. Because the parties have already exchanged written discovery, Defendants do not anticipate needing time beyond the assigned discovery track and ask that the specific deadlines for each phase be set at the scheduling conference requested in Section 9.

Defendants do not believe an extended discovery period is warranted. The Court has already held that Counts 8, 10, 13–19, and 21 cannot proceed, directed removal of all spoliation-related allegations, and denied Plaintiff's renewed request to reopen discovery for subpoenas to non-party Netradyne, Inc. Defendants request that any remaining discovery be confined to the claims the Court has allowed to proceed and conducted in the sequence described above.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

Defendants propose that no new written discovery be served and that discovery be limited to (1) a reasonable time period for supplementation of the written discovery previously exchanged in the State Court of Fulton County and in this Court, (2) the deposition of Plaintiff after supplementation and full and complete discovery responses have been exchanged, and (3) expert discovery and ay necessary motion practice, as described in Section 10. Defendants propose no other changes.

(b) Is any party seeking discovery of electronically stored information?

___________ Yes ______**X**______ No

Defendants do not seek discovery of electronically stored information.

If "yes,"

(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or.TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Defendants request that the Court enter a scheduling order under Rule 16(b) that (1) adopts the discovery sequence described in Section 10 and sets deadlines for supplementation, Plaintiff's deposition, expert discovery, motion practice and trial; and (2) schedules a settlement conference with the Court, as requested in Section 14.

**13. Privileged or Protected Material:**

Do the parties anticipate any issues about claims for privilege or of protection with respect to trial-preparation materials?

___________ Yes ______**X**______ No

If "yes,"

The parties have discussed their views and proposals on any such issues, including the timing and method for complying with Rule 26(b)(5)(A) and whether, if they agree on a procedure to assert the claims after production, to ask the Court to include their agreement in an order under Federal Rule of Evidence 502. The parties have agreed as follows:

**14. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on November 12, 2026, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):

Other participants:

For Defendants:

Lead counsel (signature): */s/ Dal Burton, Lead Counsel for Amazon Logistics, Inc.*; *Jason Hergenroether, Lead counsel for T'Ziah Thomas and Bullard Logistics, LLC*

Other participants:

(b) All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

(__________) A possibility of settlement before discovery.
(__________) A possibility of settlement after discovery.
(_____X_____) A possibility of settlement, but a conference with the judge is needed.
(__________) No possibility of settlement.

Defendants request that the Court schedule a settlement conference.

(c) Counsel (___**X**_____) do or (__________) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined pending supplementation of discovery.

(d) The following specific problems have created a hindrance to settlement of this case.

**15. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a) The parties (_________) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ______ day of __________, 20____.

(b) The parties (____**X**______) do not consent to having this case tried before a magistrate judge of this Court.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**

*/s/ Marvis L. Jenkins with express permission to Jason D. Hergenroether*

Robert Dal Burton, Esq.
Georgia Bar No. 097890
Marvis L. Jenkins, Esq.
Georgia Bar No. 910827
Dylan Annis, Esq.
Georgia Bar No. 381781
3348 Peachtree Road, N.E.
Suite 1400
Atlanta, GA 30326
Phone: (470) 419-6650
Fax: (470) 419-6651
dal.burton@wilsonelser.com
marvis.jenkins@wilsonelser.com
dylan.annis@wilsonelser.com

**MCANGUS GOUDELOCK & COURIE, LLC**

JASON D. HERGENROETHER (GA Bar No. 348323)
ERIN P. MCGONIGLE (GA Bar No. 201259)
jason.hergenroether@mgclaw.com
erin.mcgonigle@mgclaw.com
Post Office Box 57365
270 Peachtree Street, NW, Suite 1800 (30303)
Atlanta, Georgia 30343
(678) 510-1530
*Attorneys for T'Ziah Thomas and Bullard Logistics, LLC.*

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

1. No party shall serve new written discovery. Discovery is limited to the claims the Court has allowed to proceed (Counts 1–7, 9, 11, 12, 20, and 22).

2. Supplementation Period: The parties shall have a limited discovery period of 90 days from entry of this Order, for supplementation only, in which to serve full and complete supplemental responses to the written discovery and document productions previously exchanged in the State Court of Fulton County and in this Court.

3. Second Deposition of Plaintiff: Defendants are granted leave to take a second deposition of Plaintiff. After Plaintiff has served full and complete discovery responses, Defendants may take Plaintiff's second deposition, which shall be completed within thirty (30) days after the later of (a) the close of the supplementation period or (b) Plaintiff's service of full and complete discovery responses.

4. Expert Discovery: Plaintiff shall serve expert disclosures by April 30, 2027. Defendants shall serve expert disclosures by June 1, 2027. Expert discovery shall close on June 30, 2027.

5. Close of Discovery: All discovery shall close on June 30, 2027. Summary judgment motions shall be filed within thirty days after the close of discovery, in accordance with LR 56.1.

6. Settlement Conference: The parties shall appear for a settlement conference with the Court on or before July 15, 2027, or at such time as the Court directs.

7. Trial: The case shall proceed to trial following the close of discovery and resolution of any dispositive motions, on a date to be set by the Court.

IT IS SO ORDERED, this ______ day of __________, 20____.

______________________________
Victoria Marie Calvert
United States District Judge